## Levi Childs *vs.* Theodore Barrows.

An amendment may be made, by leave of court, of an officer's return of an attachment of land, by affixing his signature to the return, although another officer has duly returned a subsequent attachment of the same land in another suit.

The requisitions of the Rev. Sts. c. 73, § 23, that an officer, in the return of his doings in the levy of an execution on land, shall set forth the time when the premises were taken on execution, and that the appraisers appraised and set them off, are sufficiently complied with, if the officer states that, on a day named, he caused three discreet and disinterested freeholders of the county to be sworn faithfully and impartially to appraise certain real estate, that they having appraised it on oath, at a certain sum, he delivered possession and seizin thereof to the judgment creditor's attorney, and left said attorney in quiet possession thereof.

WRIT OF ENTRY, brought against Theodore Barrows and Henry Hinsdale, to recover two undivided sixths of a parcel of land in Hinsdale. The parties submitted the case to the decision of the court on the following facts agreed :

" The demanded premises were a part of the real estate of Selden Spencer, deceased. The tenant Hinsdale, in right of his wife, Harriet Hinsdale, became entitled, on the decease of said Selden, to the possession of one undivided sixth part of his real estate, in common with the said Selden's other heirs. George Spencer and John W. Spencer were each entitled to an undivided sixth part of said real estate, in common with the other heirs. The demandant recovered judgment at the February term 1844, of the court of common pleas, against said George Spencer and John W. Spencer, for the sum of $1566 damage, and $14·65 costs, upon which judgment he sued out a writ of execution, on the 11th of March 1844, and caused the same to be levied upon the two undivided sixths of the real estate aforesaid, which are demanded in this suit. The same was attached upon the demandant's original writ against said George and John W. on the 18th of May 1842. The land levied upon, as aforesaid, is the same which said George and John W. owned, as heirs of said Selden, and which they held in common with said Henry Hinsdale, and Harriet, his wife, and the other heirs of said Selden.

" The tenant Hinsdale claims no title to any part of said

35 *

land, except to one undivided sixth, in right of his wife, as before stated.   At the commencement of this action, he was in possession of the whole premises, undivided, with the consent of the other cotenants ; but he neither admits nor denies, and has never admitted nor denied, the demandant's right to the demanded premises, as a cotenant.   If he is properly joined in this action, he is to be defaulted ; otherwise, the demandant discontinues as to him.

" The tenant Barrows disclaims all title to one undivided sixth part of the demanded premises, and has never been in possession, except so far as he was made tenant in common by force of the levy of an execution, as hereinafter mentioned. He claims title to one undivided sixth of the premises described in the demandant's writ, by virtue of a levy of an execution thereon, issued on a judgment recovered by him, as administrator of the estate of Lucy Spencer, against George Spencer aforesaid, the same having been attached, upon his original writ against said George, on the 28th of June 1842.

" The officer who made the attachment on the demandant's original writ, above mentioned, against George and John W. Spencer, neglected to sign his return ; but subsequently, and after the attachment was made upon said Barrows's writ against said George and John W., the court of common pleas permitted said officer to come in and amend his return, by affixing his signature thereto.

" The levy of the demandant's execution aforesaid, so far as is necessary to show the objection taken thereto by the said Barrows, is set forth in the margin.*

---

* "Berkshire ss. March 28th 1844.   Having, at the request of the within named Levi Childs, caused three discreet and disinterested persons, freeholders in said county," (naming them, and stating which of them was chosen by each party, and which by the officer,) "to be sworn faithfully and impartially to appraise the estate above described in their certificate of appraisal, which I adopt as a part of my return ; and they, the said appraisers, having upon oath appraised the whole of said estate at the sum of twelve hundred dollars, and two undivided sixth parts, belonging to said debtors as tenants in common in fee simple, at the sum of four hundred dollars ; I have this day, agreeably to law, delivered possession and seizin of the said two sixth parts of said

" If said amendment was properly allowed, and if the demandant's levy aforesaid is valid, said Barrows is to be defaulted ; otherwise, the demandant is to become nonsuit."

After this statement of facts was filed, the demandant, by leave of the court, discontinued as to the tenant Hinsdale, and amended his count, so as to demand two sixths of the tenant Barrows.

*Rockwell & Colt*, for the tenant. The amendment of the officer's return of the demandant's writ was made too late, being after the tenant's attachment. *Emerson* v. *Upton*, 9 Pick. 167. And the demandant's levy was insufficient, as the return did not show, as is required by Rev. Sts. *c.* 73, § 23, that the land was taken, and appraised and set off, nor when these things were done.

*Bishop*, for the demandant. The amendment was rightly allowed. *Buck* v. *Hardy*, 6 Greenl. 162. *Johnson* v. *Day*, 17 Pick. 106. As the return of the levy showed that the officer and the appraisers had done acts, on the 28th of March 1844, which were a legal taking and appraisement and setting off of the premises, it was not necessary that he should allege, *totidem verbis*, that he had taken, and that they had appraised and set them off.

SHAW, C. J. The tenant Barrows disclaims as to one sixth, but insists on his better title to one sixth, in virtue of a levy of execution on the same, as the property of George Spencer. The demandant claims the two sixths, in virtue of his levy on the same, as the property of John W. Spencer and George Spencer, on a joint judgment against the two. The tenant's levy was prior to the demandant's, but the demandant's was made in pursuance of an attachment, on mesne process, which preceded that of the tenant. If that attachment was valid, and the levy regular, the demandant has the elder and better

premises to H. Hubbard, the said creditor's attorney, to have and to hold the same to him the said Levi Childs, the creditor, his heirs and assigns forever, in part satisfaction and discharge of the within execution and charges of levying the same," &c., " and have left the said attorney in quiet possession thereof. I do therefore return this execution satisfied in part, to wit," &c.

" G. W Branch, Dep. Shff."

title to the one sixth in controversy, taken by each as the property of George Spencer.

The first objection is, that the attachment was not valid, because the officer who made it did not sign his return until after the tenant's attachment. But it does appear that whilst the action was pending in the court of common pleas, the officer was allowed to come in and amend his return by signing it. We think it was perfectly competent for that court to permit such amendment; and, when made, it proves that the attachment was made at the time stated in the return. The return, when amended, is to have the same effect as if it had been so made originally. Any other construction would lead to uncertainty, and make the rights of parties depend upon unsatisfactory parol proof.

We have considered it, as if the fact of such amendment being made after the tenant's attachment were judicially proved, because the case comes before us by an agreed statement embracing that fact. But if the question had arisen, in the course of the trial, on a question of title, and, to prove the fact and time of attachment, a certified copy of the writ and return from the record of the court of common pleas, all appearing complete and correct, had been given in evidence, it is doubtful, to say the least, whether evidence would have been admissible to show that the return had been signed after the cause came into the court of common pleas, in pursuance of an order of that court.

An objection was taken to the demandant's levy, viz. that it does not distinctly appear by the return that the land was taken, appraised and set off, and the time when it was set off. Rev. Sts. c. 73, § 23. We think this objection is not sustained by the proof. The return of the officer certifies acts done, which constitute a taking or seizing. He caused it to be appraised, and delivered possession and seizin to the creditor's attorney, and left him in quiet possession; which could only be done on the premises. The date of the oath, the appraiser's certificate and the return, being all of the same day, prove the time of the taking.

*Judgment for the demandant for the one sixth not disclaimed.*